(33 App. Div. 127.)

### HASKELL v. OSBORN.

(Supreme Court, Appellate Division, First Department. August 10, 1898.)

1. ATTACHMENT—AFFIDAVIT—EVIDENCE.

    An affidavit on attachment merely averring that certain persons, not parties to the action, have made certain statements to the affiant concerning the defendant, does not make such statements evidence of the alleged facts thus stated.

2. SAME—SUFFICIENCY.

    In an affidavit upon which to found an application for an attachment, where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages.

3. DAMAGES—BREACH OF CONTRACT.

    The damage for the breach of a contract for personal services is the amount required to be paid to supply the place of the party pending the contract, and does not cover problematical profits.

Appeal from special term, New York county.

Action by Edward E. Haskell against Fay Templeton Osborn. From an order denying a motion to vacate an attachment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

A. H. Hummel, for appellant.

E. W. Tyler, for respondent.

VAN BRUNT, P. J. The attachment in question was issued upon the ground that the defendant, being a resident of the city of New York, had kept herself concealed with intent to avoid her creditors, and to avoid service of a summons herein. There is no evidence whatever that the defendant was keeping herself concealed for any purpose. The affidavits relating to the subject are simply a rehearsal of statements alleged to have been made by some person of which or of whom the defendant was not shown to have any knowledge whatever. There is no evidence whatever to show that the defendant was in the city at the times referred to. An affidavit averring that certain persons not parties to the action have made certain statements to the affiant does not make such statements evidence. If the affiant was a witness, and examined orally, the retailing of the statements of third parties would be clearly incompetent; and the fact that the evidence is to be set forth by affidavits does not change the rules as to competency. The facts necessary to be established must be proven by legal evidence, and hearsay statements are not such evidence. In the case at bar the concealment of the defendant is sought to be established entirely by such statements.

We think, also, that the proof of damage is entirely insufficient. There are no facts set up in the affidavits upon which the attachment was granted from which the court can judge what amount, if any, of damages, has been sustained by the plaintiffs. In an action upon contract for the payment of a sum certain, it appears from the contract itself what the damages will be. In an action, however, for unliquidated damages, it depends upon the facts of the case as to whether the plaintiff has sustained merely nominal or real damages. A cause of action may be completely set forth where only nominal damages can be recovered, and therefore in an affidavit upon which to found an application for an attachment, where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages, in order that the court may judge as to whether he has evidence of damages, and that his allegations of damage are not mere matter of speculation.

The allegations in respect to expenditures of moneys in preparation for the production of the play, even if such elements of damage can be considered, contain no evidence whatever of the amount of the expenditures or their character. They are the mere conclusion of the affiant, and do not aver any facts from which the court can judge as to what amount was thus expended.

Furthermore, it would seem that the plaintiff was also seeking to recover problematical profits in addition to the cost of the adventure. There is no such rule of damage in respect to contracts for personal service. The damage for the breach of such a contract is the amount required to be paid to supply the place of the party pending the contract. It is true that there is an allegation that, owing to inability at such short notice to procure a proper substitute, the play was produced at a loss; but the affidavits contain no evidence of effort to

procure a proper substitute, or of the superior attractions of the defendant.

There are other defects in the affidavits upon which the attachment in question was procured; but enough has been presented to show that, unless the mere assertion of a party as to damage is to be held sufficient, no case is made out in the case at bar establishing any such damage as is claimed by the plaintiff in this action.

The order appealed from should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.    All concur.

---

(33 App. Div. 239.)

### BELT et al. v. AMERICAN CENT. INS. CO.

(Supreme Court, Appellate Division, First Department.    August 10, 1898.)

1. COSTS—NEW TRIAL.
    When the court of appeals grants a new trial, "with costs to the plaintiff to abide the event," it is only the costs in the court of appeals which are referred to.

2. SAME—TAXATION—DISMISSAL.
    If, after a judgment entered upon the dismissal of a complaint was affirmed on appeal to the general term, the court of appeals granted a new trial, upon which the complaint was again dismissed, the defendant was entitled to tax the costs and disbursements of both trials, including the costs of the appeal to the general term.