(35 Misc. Rep. 244.)

STORY et al. v. ARTHUR et al.

(Supreme Court, Special Term, New York County. June, 1901.)

1. ATTACHMENT—UNLIQUIDATED DAMAGES.
    A complaint alleged that plaintiffs were reasonably entitled to $6,000 for services in procuring an exchange of property for a nonresident defendant. *Held* insufficient to authorize an attachment against her property, the damages being unliquidated, and there being no facts set forth showing that plaintiffs were injured in an ascertainable amount.

2. SAME—VACATING.
    Under Code Civ. Proc. § 682, providing that defendant can apply to vacate an attachment at any time before application of the property or its proceeds to the payment of a judgment recovered, a motion to vacate an attachment by a nonresident, though made two years after action commenced, but before trial, is not too late.

Action by James Story and others against Mary E. Arthur and others. Motion to vacate attachment. Granted.

C. R. Allison, for the motion.
H. F. Lippold, opposed.

GILDERSLEEVE, J. On or about December 1, 1899, this action was commenced, and an attachment procured on the ground of the nonresidence of defendant and for breach of contract. The complaint and affidavits in support of the attachment allege that defendant Arthur employed the plaintiffs to procure an exchange of real estate, that plaintiffs procured such exchange in accordance with the directions of said defendant, and that their services are reasonably worth the sum of $6,000. The said plaintiffs had the attachment levied on real estate in this city belonging to said

defendant, and filed a lis pendens. On or about October 1, 1900, said defendant became a resident of this city. She now makes this motion to vacate the attachment. It is claimed that she has not specified the irregularities complained of in her moving papers, as required by rule 37; but she maintains that this application is not based on any irregularity, but upon the merits and on jurisdictional defects. The plaintiffs' cause of action is based on a quantum meruit. They claim their services are worth $6,000, but there is nothing to show the value of the property exchanged, or the nature and extent of the services rendered. The damages are unliquidated, and we have nothing but the plaintiffs' assertion that they should be valued at $6,000. The rule is well settled that an attachment will not be sustained upon a claim for unliquidated damages, unless the papers upon which it rests set forth facts from which a conclusion can properly be drawn that plaintiffs have been damaged in an ascertainable sum. Farquhar v. Milk Co., 30 Misc. Rep. 270, 62 N. Y. Supp. 305. The court must be able to determine whether plaintiffs have evidence of damages, and whether the allegations in respect thereto are mere matter of speculation. Haskell v. Osborn, 33 App. Div. 128, 53 N. Y. Supp. 361. The plaintiffs urge that defendant Arthur is without a meritorious defense to the action. Upon a motion to vacate an attachment, however, the merits of the action will not be considered, unless, indeed, the moving papers are hopelessly bad. Peck v. Brooks, 31 Misc. Rep. 49, 64 N. Y. Supp. 546; Thorn v. Alvord, 32 Misc. Rep. 457, 66 N. Y. Supp. 587, affirmed 54 App. Div. 638, 67 N. Y. Supp. 1147.

The plaintiffs urge laches on the part of defendant in making this application to vacate the attachment. But section 682 of the Code provides that the defendant can apply to vacate the attachment at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action. There is, therefore, no question of laches here. As I have above stated, the plaintiffs have not complied with the rule in cases where the damages are unliquidated. In such cases the papers upon which an application for an attachment is founded must set forth the facts which establish the damages, as the amount of damages must be shown in order to entitle the plaintiffs to an attachment. The papers must allege, not simply the conclusion that the plaintiff has suffered damage by reason of the breach of contract set forth in the complaint to an amount specified, but must state the facts from which such conclusion may properly be drawn. Farquhar v. Milk Co., supra; Westervelt v. Agrumaria, 58 Hun, 147, 11 N. Y. Supp. 340. The motion to vacate the attachment is granted, with $10 costs to abide the event.

Motion granted, with $10 costs to abide event.