(62 App. Div. 262.)

DELAFIELD et al. v. J. K. ARMSBY CO.

(Supreme Court, Appellate Division, First Department. June 21, 1901.)

1. ATTACHMENT—PLEADING—SUFFICIENCY—VACATION.
    Code, § 636, provides that, to entitle plaintiff to an attachment, he must show by affidavit that the cause of action exists, and, if it is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, and that the defendant is either a foreign corporation or a nonresident. A verified complaint and affidavit for attachment in an action for breach of contract against a foreign corporation alleged that the contract was to deliver a certain number of cases of salmon at a certain price per dozen cans; that the goods were sold by plaintiff at a gross sum, which was a certain sum more than the contract price. *Held*, that the attachment would be vacated, because the affidavit did not set out the evidence relied on to establish such recovery.

2. SAME.
    When such complaint and affidavit adopts a certain measure of damages as the amount of recovery, the attachment issued thereon will be vacated if the evidence which is relied on to establish such recovery according to such rule is not stated in the affidavit.
    Patterson, J., dissenting.

On rehearing. Affirmed.
For former opinion, see 68 N. Y. Supp. 998.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

VAN BRUNT, P. J.   This action was brought to recover damages for the alleged violation of a contract made on the 20th of August, 1900, whereby the defendant sold and agreed to deliver to the plaintiffs 28,000 cases of salmon at San Francisco, Cal., at a price in the complaint and affidavit stated.   The complaint and affidavit further alleged that at the time the contract of sale was entered into the defendant knew that the plaintiffs were purchasing said salmon for the purpose of resale by them as wholesale dealers in salmon; and that the plaintiffs, relying upon said contract, thereafter, and before September 7, 1900, sold for future delivery the entire 28,000 cases of salmon for a price $9,060.20 in advance of that which they had agreed to pay the defendant therefor.   The affidavit also contained an allegation that the defendant was a foreign corporation organized under the laws of the state of Illinois, and having its office and principal place of business at Chicago, in said state of Illinois; and that the plaintiffs were, and now are, residents of the city and county and state of New York, and were co-partners doing business in said state. Upon these papers an attachment was issued to the sheriff of the county of New York for the sum of $9,060.20, with interest.   A motion was made by the defendant to set aside the attachment upon the papers upon which it was granted, the principal ground being that there was no evidence contained in the papers that the plaintiffs had sustained any damage by reason of the alleged breach of contract.   Upon the hearing of this motion at the special term the attachment was vacated, and from the order thereupon entered this appeal is taken.

Section 636 of the Code provides as follows:

"To entitle the plaintiff to such a warrant [that is, a warrant of attachment] he must show by affidavit to the satisfaction of the judge granting the same as follows:   (1) That one of the causes of action specified in the last section exists against the defendant.   If the action is to recover damages for breach of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein, over and above all counterclaims known to him.   (2) That the defendant is either a foreign corporation or not a resident of the state," etc.

It is to be noticed that the facts required by the Code must be shown by affidavit, and it is clear that the codifiers had in mind the distinction between the office of a complaint and that of an affidavit. The office of a complaint is to allege conclusions of fact deduced from the evidence, whereas the office of an affidavit is to set out the evidence establishing those conclusions of fact.   In an action upon a contract for the payment of a sum certain, it appears from the contract itself what the damages will be; but where the damages are unliquidated it is necessary for the plaintiff in his affidavit to set out the evidence which he claims proves his damages, in order that the court may judge as to whether he has evidence of damage, and that his allegation of damage is not mere matter of speculation.   This seems to be clear from the language of the section of the Code above quoted, which says:   "If the action is to recover damages for breach

of contract, the affidavit must show that the plaintiff is entitled to recover a sum stated therein over and above all counter claims known to him." It would seem that an affidavit can only show that a plaintiff is entitled to recover a sum stated therein, when it sets out the evidence upon which the plaintiff relies to establish such recovery. This language of the Code appears to be clear and explicit; but, as in these days of case law no statute seems to have an obligatory force until some court has decided that it means what it says, it may be proper to cite an authority in support of the construction of the language of the Code which it manifestly demands. In the case of Thorington v. Merrick, 101 N. Y. 5, 3 N. E. 794, an affidavit was held insufficient to support an attachment, because the facts stated did not show that the plaintiffs were entitled to recover the sum named, which, as already stated, is the plain requirement of section 636 of the Code. With this requirement the plaintiffs do not comply. The only allegation as to damage contained in the complaint or affidavit upon which the attachment was issued has reference to the difference between the price which the plaintiffs agreed to pay for merchandise to be delivered in the future and the price at which they resold it, also for future delivery. It has long been settled in this and every other state that no such rule of damage prevails. It has been held that the rule of damages in an action of this kind is as follows: The measure of damages, where a vendor refuses to deliver an article of merchandise which he has agreed to sell, is the difference between the contract price and the market value of the article at the time and place where it should have been delivered. Gregory v. McDowel, 8 Wend. 435; Dey v. Dox, 9 Wend. 129, 24 Am. Dec. 137; Davis v. Shields, 24 Wend. 322; Beals v. Terry, 2 Sandf. 127; Clark v. Pinney, 7 Cow. 681; Masterton v. Mayor, etc., 7 Hill, 61, 42 Am. Dec. 38; McKnight v. Dunlop, 5 N. Y. 545, 55 Am. Dec. 370; Dana v. Fiedler, 12 N. Y. 40; Parsons v. Sutton, 66 N. Y. 92; Griffin v. Colver, 16 N. Y. 490, 69 Am. Dec. 718; Josling v. Irvine, 6 Hurl. & N. 512; and numerous other cases. Where, however, the plaintiff shows that there was no market price for the article at or near the place of delivery, and it could not be purchased, then such a rule of damage as is claimed by the plaintiffs in this action might obtain. But the affidavit wholly fails to bring the case within this rule, and hence the plaintiffs have not shown by affidavit that they are entitled to recover a sum stated therein over and above all counterclaims known to them. It should be borne in mind, in considering this proposition, that it is only within a comparatively limited period of time that it has been possible to issue an attachment in an action to recover unliquidated damages. Hence it is the duty of the court to give fair construction to the provisions of the Code, which properly require, before a man's property shall be taken in execution before judgment upon an unliquidated claim, that the papers shall contain evidence that the plaintiff has sustained the damages which he demands.

We think, therefore, that the order appealed from should be affirmed, with $10 costs and disbursements. All concur, except PATTERSON, J., who dissents.