(85 App. Div. 384.)

### SOUTHWELL v. KINGSLAND.

(Supreme Court, Appellate Division, First Department. July 7, 1903.)

1. ATTACHMENT—AFFIDAVITS—SUFFICIENCY—UNLIQUIDATED DAMAGES—ALLEGATION OF FACTS.

An affidavit for attachment on the ground that defendant was a nonresident stating that between January 1, 1882, up to and including April 1, 1901, plaintiff had performed certain labor and services for defendant for which defendant promised to pay a reasonable compensation, and that the reasonable value of the services so rendered during the time aforesaid was $19,000, but not alleging in what capacity the services were rendered, or that they were continuously rendered, or any other fact showing their value, was insufficient.

Appeal from Special Term, New York County.

Action by Sylvester S. Southwell against Henry P. Kingsland. From an order denying a motion to vacate an attachment, defendant appeals. Reversed.

The motion to vacate the warrant of attachment was made on the papers on which it was granted. From these it appears that the plaintiff sues to recover the value of services rendered, as alleged, to the defendant from January 1, 1882, to April 1, 1901, and that the defendant agreed to pay the reasonable value therefor, which is $19,000, upon which there has been paid in cash and furniture an amount which leaves as the balance due $15,875.73. For this sum the plaintiff obtained an attachment on the ground that the defendant was a nonresident. The motion to vacate was on the ground that the plaintiff failed to show that he was entitled to recover the sum stated over and above all counterclaims, and did not state the nature, value, or extent of the services alleged to have been performed, nor any facts in support thereof. With respect to the value of the services the complaint alleged: "That between about January 1, 1882, up to and including April 1, 1901, plaintiff, at the special instance and request of the defendant, rendered and performed certain labor and services for the defendant, and devoted time and attention and efforts to the service of the defendant, for which defendant promised and agreed to pay plaintiff a just, proper, and reasonable compensation. That the reasonable value of the services so actually rendered and performed by plaintiff to defendant during the time aforesaid were worth the sum of $19,000." And in the affidavit it is alleged: "Between about January 1, 1882, up to and including April 1, 1901, I rendered and performed certain labor and services for the defendant, and devoted time and attention and efforts to the service of the defendant, all at the defendant's special instance and request, and for which he promised and agreed to pay me a just, proper, and reasonable compensation. The reasonable value of the services so actually rendered and performed by me for the defendant during the aforesaid times is the sum of $19,000."

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

¶ 1. See Attachment, vol. 5, Cent. Dig. §§ 265, 272.

Bronson Winthrop, for appellant.
Benjamin N. Cardozo, for respondent.

O'BRIEN, J.  In form the action is on a quantum meruit, and it is sought to recover what is alleged to be the reasonable value of certain labor and services which, it is stated, was $19,000.  But whether the services were those of a lawyer, or a doctor, or an agent, and whether rendered spasmodically or continuously, does not appear; and, as shown by the complaint and affidavit, so far as they bear on the value of the services, there are no facts presented to support the value which the plaintiff places upon his labor and services, and there is nothing, therefore, from which the value can be determined outside the plaintiff's own statement.  With respect to such statement, it is unnecessary for us to do more than refer to two cases in this court, which we regard as decisive in holding it insufficient.

In Delafield v. Armsby Co., 62 App. Div. 262, 71 N. Y. Supp. 14, Presiding Justice Van Brunt, writing the opinion, says:

"In an action upon a contract for a sum certain it appears from the contract itself what the damages will be; but where the damages are unliquidated it is necessary for the plaintiff in his affidavit to set out the evidence which he claims proves his damages, in order that the court may judge as to whether he has evidence of damage, and that his allegation of damage is not mere matter of speculation.  *  *  *  It should be borne in mind, considering this proposition, that it is only within a comparatively limited period of time that it has been possible to issue an attachment in an action to recover unliquidated damages.  Hence it is the duty of the court to give fair construction to the provisions of the Code which properly require, before a man's property shall be taken on execution before judgment upon an unliquidated claim, that the papers shall contain evidence that the plaintiff has sustained the damages which he demands."

And in Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361, it was said by the same judge:

"A cause of action may be completely set forth where only nominal damages can be recovered, and therefore in an affidavit upon which to found an application for an attachment, where the damages are unliquidated, it is necessary for the plaintiff to set out the facts which he claims prove his damages, in order that the court may judge as to whether he has evidence of damages, and that his allegations of damage are not mere matter of speculation."

The respondent refers to Haebler v. Berharth, 115 N. Y. 459, 22 N. E. 167, as a case wherein "an attachment was sustained upon evidence of much vaguer damages" than that presented herein, but all that need be said in reference thereto was stated by Judge Van Brunt, who, as to that case, said, in National Broadway Bank v. Barker (Sup.) 16 N. Y. Supp. 75:

"The only question was whether there was any evidence tending to establish the facts conferring jurisdiction.  The question before the General Term upon an appeal from an order vacating or denying a motion to vacate an attachment is whether there was not only some evidence tending to establish the facts, but sufficient evidence to justify the granting of the writ; the jurisdiction of the two courts upon appeal being essentially different, one weighing the evidence and the other only seeing whether there is any evidence to support the necessary allegations."

The rule deducible from these authorities is that contended for by the appellant, that in an action on contract, where the damages are

unliquidated, the attachment papers must contain facts from which the court can determine for itself that the amount claimed is proper. The mere expression of plaintiff's opinion as to value, without corroboration or any details as to the nature or extent of the labor and services performed, is insufficient. Upon this ground the motion to vacate should have been granted.

The order accordingly should be reversed, with $10 costs and disbursements, and the motion to vacate granted, with $10 costs. All concur.