if desired, to easily and without much expense obtain a decision of the appellate court settling the question with reference to its said claim.

The demurrer is sustained, with costs.

Demurrer sustained, with costs.

---

(115 App. Div. 380)

### DUDLEY v. ARMENIA INS. CO. OF PITTSBURGH, PA.

(Supreme Court, Appellate Division, First Department. November 5, 1906.)

1. ATTACHMENT—ACTION IN WHICH AUTHORIZED—CONVERSION.

   A complaint alleged that plaintiff deposited certain shares of stock as collateral to a note on which it affirmatively appeared he was not maker or indorser; that all the stock of the corporation having been so deposited, the payee of the note wrongfully took possession of the business of the company and destroyed it, and that on default on the note, the stock was sold for a nominal sum for the benefit of the payee. *Held* not to state an action for the "wrongful conversion of personal property," so as to fall within Code Civ. Proc. § 635, authorizing an attachment before judgment in such cases.

2. CORPORATIONS — MEMBERS — SUING FOR CORPORATION — DESTRUCTION OF STOCKS—VALUE.

   One whose stock has been sold under a deposit as collateral to a note, cannot maintain an action for the wrongful acts of the payee in taking possession of the corporation's business and destroying it, thereby destroying also the value of the stock prior to its sale under the deposit.

3. ATTACHMENT—UNLIQUIDATED DEMANDS—SHOWING OF AMOUNT.

   Attachment before judgment will not issue in an action on an unliquidated claim for the destruction of the value of stock, where no showing as to the value of the stock is made, beyond an allegation that the stock having a par value of $2,500, was worth $1,700, and where it further appears that such stock was deposited as one-fourth additional security demanded on a $9,000 note.

Appeal from Special Term, New York County.

Action by John L. Dudley against the Armenia Insurance Company of Pittsburgh, Pa. From an order denying a motion to vacate an attachment granted upon certain papers, defendant appeals. Reversed, and motion to vacate granted.

Argued before O'BRIEN, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Robert Van Iderstine (Arnold L. Davis, of counsel), for appellant. Holmes Jones, for respondent.

CLARKE, J. The complaint alleges: That the defendant is a foreign fire insurance company. That the plaintiff, on or about the 25th day of January, 1905, was the owner and holder of 25 shares of the capital stock of a corporation, the Bremer, Du Four, Pinkney & Dudley Company, duly organized and existing under the laws of New York; said stock being of the par value of $100 per share, and that said stock had an actual and reasonable value of $17,000. That on said day, the defendant being the owner and holder of three certain promissory notes each dated March 5, 1904, made by Bremer, Du Four, Ring & Pinkney Company, a corporation organized under the laws of New York, amounting to $9,000 in the aggregate, and being

authorized as the holder thereof by the terms of the said notes, to demand or call for additional security or further collateral, did call upon the makers and certain indorsers, for additional security and collateral, and the said plaintiff joined with certain of the indorsers in furnishing the collateral called for; each of said parties furnishing said defendant 25 shares of said Bremer, Du Four, Pinkney & Dudley Company stock, making in all 100 shares, the whole amount of the capital stock issued by said company. That on or about the 5th day of July, 1905, the defendant, without any legal right or authority so to do, and for the purpose of injuring and destroying the value of the stock pledged with the defendant, so that when defendant would sell or cause to be sold, the stock as pledged for collateral, the same would be of no considerable value and it could be acquired and purchased on said sale by or for the defendant for a nominal sum, fraudulently and falsely represented to certain officers of the Bremer, Du Four, Pinkney & Dudley Company that said defendant then owned all the stock aforesaid, asserting and representing that at that time it had duly acquired the same by proper and sufficient legal or banking methods and means, and in fraud of plaintiff's rights as a stockholder, and without the consent of said Bremer, Du Four, Pinkney & Dudley Company seized and took possession of the office of said Bremer, Du Four, Pinkney & Dudley Company with all the books, records, and documents therein, and took possession of and appropriated all bills and accounts payable and collected the same and appropriated the same for its own use, and forthwith started in to exercise through defendant's own officers, agents, and employés, the rights and functions of said company, to the exclusion of the regularly constituted officers of the said Bremer, Du Four, Pinkney & Dudley Company, and continued in the sole absolute possession and control thereof, and caused the affairs of said company to be so conducted and administered that all its business was destroyed, its good will ruined and the stock thereof, including the stock of the plaintiff, so pledged as collateral, made of no value whatsoever by reason of said unlawful and fraudulent acts. It further alleges that, after destroying the value of said stock, the said defendant pretended to sell, assign, and transfer said three notes, with the collateral, to one Mortgage Banking Company of Pittsburg, and that said company, after becoming the owner and holder of said notes, demanded payment thereof of the maker, and, such payment not having been made by the maker as therein provided, caused said collateral to be sold, and said collateral, including the 100 shares of stock of the Bremer, Du Four, Pinkney & Dudley Company, was sold to a party unknown to the plaintiff, for the use and benefit of the defendant, for the sum of $200, or some such nominal sum, and that by reason of the facts aforesaid the plaintiff has been damaged in the sum of $17,000.

Section 635 of the Code of Civil Procedure provides that:

"A warrant of attachment against the property of one or more defendants in an action may be granted upon the application of the plaintiff, as specified in the next section, where the action is to recover a sum of money only, as damages for one or more of the following causes: (1) Breach of contract, express or implied, other than a contract to marry. * * * (2) Wrongful con-

version of personal property. (3) An injury to person or property in consequence of negligence, fraud or other wrongful act."

Section 636 provides that:

"To entitle the plaintiff to such a warrant he must show, by affidavit, to the satisfaction of the judge granting the same, as follows: (1) That one of the causes of action specified in the last section exists against the defendant."

Has the plaintiff one of the causes of actions specified in section 635, supra, against the defendant? If he has not, the attachment was improvidently issued. The gravamen of his action is that, by the acts of defendant set out in the complaint in taking possession of the office and business of the Bremer, Du Four, Pinkney & Dudley Company, the defendant destroyed the business of said company, and so destroyed the value of 25 shares of stock of said company owned by the plaintiff which he had deposited with the defendant as collateral security for certain notes owned by it, although he does not allege that he was the maker or indorser of said notes, and the contrary affirmatively appears, and thus destroyed plaintiff's property. From these allegations, it is quite apparent that this is not an action for the conversion of the stock, because it is alleged that the plaintiff delivered said stock to the defendant as collateral security, and there is no allegation of the payment of the original notes, or of a demand for the return of said shares of stock and a refusal thereof; on the contrary the complaint alleges demand and refusal to pay the notes and subsequent sale of the collateral by the transferee of the notes, so that the complaint, if it alleges anything, alleges a cause of action for damages for the injury of property of the plaintiff by the reduction in value of this stock by reason of the alleged fraudulent or wrongful acts of the defendant. There is no allegation that he was the holder and owner of the stock at the time of the commencement of this action, but the contrary affirmatively appears.

It seems quite clear that however wrongful the acts of the defendant in taking possession of the office and business of the Bremer, Du Four, Pinkney & Dudley Company may have been, that wrong was committed against the company, and if action existed therefor, it was in the name and for the benefit of the company. I do not understand that for a wrong perpetrated upon a corporation as a consequence of which the value of its stock is depreciated, an action lies in the first instance in behalf of a stockholder. Niles v. N. Y. C. & H. R. R. Co., 69 App. Div. 144, 74 N. Y. Supp. 617; affirmed 176 N. Y. 119, 68 N. E. 142. In cases where the wrong complained of has been that of an officer of the company, it has been frequently held that the right of action is lodged in the corporation, and that while a stockholder may in some instances sue, he can only do so after a demand and a refusal by the controlling officers of the company to sue in its own name, or by showing the existence of such a condition of affairs as establishes that such demand would be useless; and when a stockholder does thus sue, he sues for the benefit of the corporation, and not directly for his own. Greaves v. Gouge, 69 N. Y. 154; Flynn v. Brooklyn City R. R. Co., 158 N. Y. 493, 53 N. E. 520. But as the complaint nowhere alleges that plaintiff is now a stockholder, it appears to be an action by an outsider to recover damages for acts done to a corporation by which

the value of its stock, which he formerly owned, was injured. The moving papers do not set forth facts sufficient to constitute a cause of action. It further appears that the action being at best for unliquidated damages, there was not sufficient evidence thereof. The papers allege that the authorized capital stock of the corporation was $50,000 of which stock to the amount of $10,000 had been issued, of which the plaintiff's 25 shares represented the par value of $2,500. It further appears that all the capital stock issued of $10,000 par value, had been deposited as collateral upon a subsequent call for additional security upon notes of a preceding company, aggregating $9,000; that is to say, if plaintiff's claim as to value is true, $68,000 additional to secure $9,000. The extravagance of the estimate destroys its probative effect. There are no statements of fact from which a court in the exercise of judicial discretion could determine that the value of these 25 shares was $17,000 or any other sum. Before an attachment can issue, there must be some facts set up upon which the court can exercise its judgment as to value and the amount for which the attachment should issue. As said by this court in Delafield v. Armsby Company, 62 App. Div. 262, 71 N. Y. Supp. 14:

"It should be borne in mind that it is only within a comparatively limited period of time that it has been possible to issue an attachment in an action to recover unliquidated damages. Hence, it is the duty of the court to give fair construction to the provisions of the Code which properly require, before a man's property shall be taken in execution before judgment upon an unliquidated claim, that the papers shall contain evidence that the plaintiff has sustained the damages which he demands."

The order appealed from should be reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.