KAHN v. HOLLANDER et al.

(Supreme Court, Special Term, New York County.   August 23, 1910.)

1. ATTACHMENT (§ 232*)—AFFIDAVITS—DAMAGES—JURISDICTIONAL DEFECTS.

Where, in an action for breach of contract, plaintiff obtained an attachment, but the affidavits failed to sufficiently state that plaintiff had been damaged by defendants' breach, such defect, though not jurisdictional, was ground for the vacation of the attachment, in the discretion of the court.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 797; Dec. Dig. § 232.*]

2. ATTACHMENT (§ 122*)—MOTION TO VACATE—INSUFFICIENT AFFIDAVITS—AMENDMENT.

Where defendants moved to vacate an attachment on the original papers, and plaintiff rested on the sufficiency thereof until a decision had been rendered against him, and then moved for reargument, which was denied, leave would not then be granted to amend the attachment affidavits, and to file the same nunc pro tunc, to cure the defect.

[Ed. Note.—For other cases, see Attachment, Dec. Dig. § 122.*]

Action by Louis J. Kahn against Adolph Hollander and another. Plaintiff sued defendant for damages resulting from an alleged breach of contract to dye and dress certain furs, and procured a warrant of attachment on the ground of defendants' alleged nonresidence, after which defendants applied to vacate the attachment on the ground that the affidavits therefor were insufficient. After hearing, the attachment was vacated, because there were no allegations in the affidavits showing that plaintiff had been damaged, and plaintiff moves for reargument of a motion to vacate the attachment, or for an order amending the attachment affidavit, and to file the same nunc pro tunc. Denied.

David Bernstein, for the motion.
Goldsmith, Rosenthal, Mork & Baum, opposed.

LEHMAN, J. Upon the original motion I decided to vacate the attachment. Before an order was entered the plaintiff procured an order to show cause why a reargument should not be directed, or, in the alternative, for an order granting the plaintiff leave to amend his affidavits nunc pro tunc to meet the objections pointed out in my opinion.

Upon the reargument plaintiff relies upon the case of Haebler v. Bernharth, 115 N. Y. 459, 22 N. E. 167, not cited by him upon the original argument. I agree with him that the affidavits presented in that case are almost parallel with the affidavits upon which this attachment was granted; but the General Term of this department, in the case of National Broadway Bank v. Barker, 61 Hun, 625, 16 N. Y. Supp. 75, pointed out that the decision upholding the attachment in that case has no application to a motion of this kind. The distinction between the case was approved by the Appellate Division in the case of Southwell v. Kingsland, 85 App. Div. 384, 83 N. Y. Supp. 356. I am therefore constrained by these cases to hold, not only that the case cited

is no authority for sustaining the attachment herein, but that upon the same facts an attachment should be vacated.

These cases do point out, however, that the defects in the plaintiff's affidavits are not jurisdictional, but go rather to the court's discretion The plaintiff claims the right under such circumstances to amend his affidavits. He fails to cite a case where such an amendment has been allowed after a motion to vacate upon the original papers has been made. While in the case of Ladenburg v. Commercial Bank, 87 Hun, 269–274, 33 N. Y. Supp. 821, the defects were jurisdictional, the court stated without limitations that:

"The rule seems to be thoroughly well settled that, where a motion is made to vacate an attachment upon the papers upon which it was granted, the attachment must stand or fall according to the sufficiency of those papers."

Conceding, without deciding, that where the defect is not jurisdictional the court has at all times the right to allow an amendment, this right is wholly within the court's discretion, and after the defendants have moved to vacate the attachment upon the original papers, and the plaintiff has rested upon the sufficiency of the papers until a decision has been rendered against him, an amendment to meet the decision should not be lightly granted.

The motion for reargument or for leave to amend is therefore denied, with $10 cost. Inasmuch as the plaintiff seems desirous in good faith of testing the correctness of my decision, I will see counsel at my chambers on Thursday, August 25, 1910, at 10:30 a. m. in reference to a stay pending appeal.