CALMON ASBESTOS & RUBBER WORKS OF AMERICA v. ASBEST-UND-GUMMIWERKE.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. ATTACHMENT (§ 102*)—PROCEEDINGS TO PROCURE—AVERMENTS AS TO—CAUSE OF ACTION—STATUTES.

Code Civ. Proc. § 636, provides that to secure an attachment plaintiff must show by affidavit sufficient evidentiary facts from which a judge may conclude that he has a good cause of action, etc. Plaintiff made an affidavit averring that he bought certain goods from defendant by sample, paying for them in advance, and that the same, on arriving in New York, were inspected within a reasonable time and found to be imperfect, etc. *Held*, that these were such conclusions of fact as might go in a pleading, and not evidentiary facts so as to justify an attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 263–272; Dec. Dig. § 102.*]

2. ATTACHMENT (§ 100*)—PROCEEDINGS TO PROCURE—AVERMENTS IN AFFIDAVIT —KNOWLEDGE OR BELIEF.

An affidavit for attachment set out as a cause of action a breach of warranty of a lot of automobile tires, claiming that they had been warranted to stand 5,000 miles wear, while they only averaged 3,000 miles. *Held*, that this was a matter of information and belief, and, under the statute, facts warranting this belief should be set out, and not the conclusion.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 255–257; Dec. Dig. § 100.*]

3. ATTACHMENT (§ 102*)—PROCEEDINGS TO PROCURE—AVERMENTS IN AFFIDAVIT —SPECIFIC FACTS.

Under Code Civ. Proc. § 636, providing that an attachment affidavit must set out sufficient evidentiary facts for a judge to conclude that the party has a good cause of action, is complied with by an affidavit which sets up that the defendant agreed to bear one-half of the cost of establishing a demand for certain automobile tires, including one-half of the cost and expense of the business, and that plaintiff incurred an expense of $1,350, between November and January, and defendant has failed to pay his share.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 263–272; Dec. Dig. § 102.*]

Appeal from Special Term, New York County.

Action by Calmon Asbestos & ·Rubber Works of America against Asbest-Und-Gummiwerke. A motion to vacate attachment was denied, and defendant appeals. ·Order reversed and modified.

See, also, 126 N. Y. Supp. 1123.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, CLARKE, and MILLER, JJ.

Herbert R. Limburg, for appellant.
Charles S. Mackenzie, for respondent.

MILLER, J.  The motion was made on the ground that the papers, upon which the warrant of attachment was granted, were insufficient. Those papers consisted of an affidavit, showing the nonresidence of the defendant, and the complaint, which purports to allege three causes of action. The averments of the first and third are similar, except with respect to dates and amounts. In the first, it is averred:

"That, during the year 1909, plaintiff bought certain goods of the defendant by sample furnished plaintiff by defendant, which represented sound and merchantable goods suitable for and known as asbestos listing, which goods defendant agreed should in all respects be equal to said samples, and plaintiff bought relying thereon"; that, by the terms of said agreement of sale, the plaintiff was required to, and did, pay the purchase price ($8,000) before delivery; that "thereafter * * * said goods, having been shipped from Genoa, Italy, arrived at the port of New York, and thereafter and within a reasonable time were inspected and found to be imperfect, unmerchantable, and wholly unfit for the asbestos listing of the kind and size ordered by the plaintiff and agreed to be delivered by defendant, and of no value therefor."

Then follow averments with respect to loss of profits, payment by the plaintiff of customs duties, freight, and other charges in order to obtain the goods, notice to the defendant that the goods were not equal to sample, and an offer to return them, and the refusal of the defendant to receive them or to return the purchase price and to pay the expenses incurred by the plaintiff and its loss of profits.

Section 636 of the Code of Civil Procedure provides that:

"To entitle the plaintiff to such a warrant, he must show by affidavit to the satisfaction of the judge granting the same, as follows: (1) That one of the causes of action specified in the last section exists against the defendant."

The statute requires proof by affidavit of the evidentiary facts from which the judge may conclude that one of the causes of action specified exists. Mere conclusions of fact, appropriate to a pleading, do not suffice. Ingalls Stone Company v. Nunn, 136 App. Div. 142, 120 N. Y. Supp. 168, and cases cited.

The plaintiff's theory of the complaint is that it alleges an executory agreement to sell and deliver, while the defendant asserts that an executed sale is pleaded, and contends that, in such case, in the absence of fraud, there is no right of rescission for breach of warranty. It may be somewhat doubtful from this complaint when the title to the goods passed, but we do not deem it necessary to decide the interesting question of whether there was a right to rescind for breach of warranty, because no evidentiary facts are stated from which the court can determine either that there was a breach of the warranty, or that the right to rescind had not been lost by too long retention of the goods after delivery. It is not stated in what respect the goods were imperfect, unmerchantable, or unfit for the asbestos listing of the kind and size ordered. It is not even averred that the goods delivered were different in kind and size from the goods ordered. More-

over, it is not stated when the goods arrived at the port of New York or when they were inspected by the plaintiff and found to be imperfect, unmerchantable, and unfit for use. The judge might differ with the plaintiff as to what constituted a reasonable time, and the statute requires that the judge be satisfied by affidavit. It follows that the facts stated with respect to the first and third causes of action were insufficient to justify the granting of the warrant.

The second cause of action embraces two items: One, for damages for breach of warranty, accompanying the sale of a lot of automobile tires; and, the other, for breach of an agreement to pay one-half of certain expenses incurred by the plaintiff. With respect to the first item, it is averred that the defendant warranted that said tires would stand the automobile wear and tear of common usage for 5,-000 miles, that they were ordered by the plaintiff for resale to its customers and were so sold in the regular course of business, and that they did not run 5,000 but only ran on an average of about 3,-000 miles. While that averment is made on knowledge, it must be treated as an averment on information and belief, as it is obvious that the plaintiff did not have actual knowledge of the facts. In such case, it is necessary to state the surrounding circumstances, the sources, and grounds of the affiant's belief, with sufficient definiteness to enable the court to determine with reasonable certainty that the facts are as claimed. While absolute certainty is not required (Brandly v. American Butter Company, 130 App. Div. 410, 114 N. Y. Supp. 896), it has never been held that the bare statement of a fact on information and belief is sufficient, where proof of the fact by affidavit is required.

With respect to the second item in the second cause of action, it is averred that, at the time of the purchase of said tires, the defendant agreed that, if the plaintiff would purchase and proceed to introduce and sell them in the United States, it (the defendant) would pay to the plaintiff one-half of the cost or expenses of establishing a demand for them, including one-half of the cost and expense of the business of selling them, not exceeding $450 per month, and that the plaintiff incurred an expense of $1,350 between the 15th of November, 1909, and the 1st day of January, 1910, in endeavoring to create a demand for said tires and in developing the business of selling. Here we find definite statements of fact, sufficient to justify the judge in concluding that the plaintiff did have a cause of action to recover at least the sum of $675 on contract. He therefore had jurisdiction to grant a warrant of attachment for that amount.

The order appealed from should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs to the extent of modifying the warrant of attachment so as to provide that it is granted for the sum of $675 only. All concur.