FINE v. LYONS.

(Supreme Court, Appellate Term, First Department. April 16, 1913.)

ATTACHMENT (§ 102*) — LEGAL ATTACHMENT — AFFIDAVITS — SUFFICIENCY — AMOUNT CLAIMED.

Under Code Civ. Proc. § 3169, providing that, to entitle plaintiff to an attachment, he must show by affidavit that a sufficient cause of action exists against the defendant to recover damages for one or more causes specified in section 635, to an amount stated in the affidavit, section 635 enumerating actions of tort and for conversion of personal property, an affidavit for attachment in an action to recover for services rendered by plaintiff as attorney, in which the damages were unliquidated, alleging that between certain dates plaintiff rendered services as attorney, which were "of the reasonable value of $2,750," without any statement of facts from which the court might determine the nature of such services or their approximate value, while sufficient for the purpose of setting forth a cause of action, was insufficient as a basis for attachment.

[Ed. Note.—For other cases, see · Attachment, Cent. Dig. §§ 263–272; Dec. Dig. § 102.*]

Appeal from City Court of New York, Special Term.

Action by Samuel Fine against Mary Lyons. From an order of the City Court of the City of New York, denying the defendant's motion to vacate a warrant of attachment, defendant appeals. Reversed, and motion to vacate the attachment granted.

See, also, 141 N. Y. Supp. 295.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

Alexander & Green, of New York City (R. Hunter McQuistion, of New York City, of counsel), for appellant.

George W. Glaze, of New York City, for respondent.

PAGE, J. The action is brought to recover the reasonable value of services alleged to have been rendered to the defendant by the plaintiff as attorney. The damages are therefore unliquidated. The attachment sought to be vacated was granted upon the complaint and affidavits setting forth the cause of action; but the only statements contained therein which have any bearing upon the amount of damages are to the effect that between certain dates Crosby & Fine rendered services to the defendant as attorneys and counselors at law, at her request and upon her retainer, which were "of the reasonable value of $2,750."

Section 3169 of the Code of Civil Procedure, under which warrants of attachment are issued in the City Court, provides that:

"In order to entitle the plaintiff to a warrant of attachment against property, he must show by affidavit, to the satisfaction of the justice granting it, that a sufficient cause of action exists against the defendant, to recover damages for one or more causes specified in section 635 of this act, to an amount stated in the affidavit. * * *"

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The wording of the section in this respect is identical with section 636 of the Code, which applies to attachments in the Supreme Court, and the decisions in which this portion of either of the two sections has been construed are applicable to both. In construing these sections it has been uniformly and repeatedly held by the Appellate Division that:

"In an action on contract, where the damages are unliquidated, the attachment papers must contain facts from which the court can determine for itself that the amount claimed is proper. The mere expression of plaintiff's opinion as to the value, without corroboration, or any details as to the nature or extent of the labor and services performed is insufficient." Southwell v. Kingsland, 85 App. Div. 384, 83 N. Y. Supp. 356.

For insufficiency of papers in this respect, attachments have been vacated in the following cases, among many others: Haskell v. Osborn, 33 App. Div. 127, 53 N. Y. Supp. 361; Story v. Arthur, 35 Misc. Rep. 244, 71 N. Y. Supp. 776; Delafield v. Armsby Co., 62 App. Div. 262, 71 N. Y. Supp. 14; Southwell v. Kingsland, 85 App. Div. 384, 83 N. Y. Supp. 356; Dudley v. Armenia Ins. Co., 115 App. Div. 380, 100 N. Y. Supp. 818; Ingalls Stone Co. v. Nunn, 136 App. Div. 142, 120 N. Y. Supp. 168; Calmon Asbestos & R. Works v. Asbest-Und-Gummiwerke, 141 App. Div. 198, 126 N. Y. Supp. 120.

In the present case the moving papers contain no statement of facts from which can be determined the nature or extent of the services alleged to have been rendered by the plaintiff, or their approximate value. While the plaintiff's own conclusion as to the value stated in the complaint is sufficient for the purpose of setting forth a cause of action, it is clearly inadequate as a basis for attachment.

As the attachment must be vacated for this reason, it is unnecessary to consider the other and more technical objections raised by the appellant.

The order appealed from is reversed, with $10 costs and disbursements, and the motion to vacate the attachment granted, with $10 costs. All concur.