(96 Misc. Rep. 501)

### DILLON et al. v. PAN-AMERICAN THEATRICAL CO. et al.

(Supreme Court, Special Term, New York County. August 1, 1916.)

1. CORPORATIONS ⬡320(2)—STOCKHOLDERS' SUIT—DEMAND ON CORPORATION.
    The right of action against officers of a theatrical company, who on its behalf contracted with the Argentine Republic to produce in the United States certain moving picture films, and thereafter conspired to use such films for their own benefit, belonged to the theatrical company, and, to enable stockholders to sue thereon in their own names, they must show demand on the board of directors that suit be brought and refusal or unreasonable neglect to proceed, unless the directors are hostile to the stockholders, or in some way concerned in the transaction, so as to render a demand useless.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1427; Dec. Dig. ⬡320(2).]

2. CORPORATIONS ⬡320(11)—STOCKHOLDERS' SUIT—ASSUMPTION AS TO NUMBER OF DIRECTORS.
    In an action by stockholders in a corporation against officers thereof for conspiring to use for their own benefit motion picture films which they had secured under a contract made for the company, it could not be as-

sumed, from the fact that no demand upon a defendant was made that an action be brought by the company, that he was not a director, so that the board consisted of only four, especially where there was evidence that there were other stockholders than plaintiffs and the other two defendants.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1437; Dec. Dig. ⬤⟞320(11).]

3. CORPORATIONS ⬤⟞320(11)—STOCKHOLDERS' SUIT—PRESUMPTION AS TO DEMAND.

In an action by stockholders in a corporation against officers thereof for conspiring to use for their own benefit motion picture films which they had secured under a contract made for the company, in the absence of proof that two defendants, directors, controlled a majority of the board in their alleged scheme, it could not be presumed that the fifth director was hostile to plaintiffs' contention, so that plaintiffs' demand on the directors that the corporation bring suit would have been useless.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1437; Dec. Dig. ⬤⟞320(11).]

4. CORPORATIONS ⬤⟞297—GOVERNING BODY—DIRECTORS.

The governing body of corporations in New York is the board of directors.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1274–1291; Dec. Dig. ⬤⟞297.]

5. CORPORATIONS ⬤⟞320(11)—STOCKHOLDERS' SUIT—ASSUMPTION.

In an action by stockholders against officers for conspiring to use for their own benefit motion picture films which they had secured under a contract made for the company, where plaintiffs were majority stockholders, and a fifth director, a defendant, was not charged with having participated in the fraudulent scheme, it could not fairly be assumed that he was controlled by the two other defendants, directors, so that plaintiffs' demand on the board that the corporation bring suit would have been useless.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 1437; Dec. Dig. ⬤⟞320(11).]

Action by Robert S. Dillon and another, stockholders of the Pan-American Theatrical Company, against the Pan-American Theatrical Company and others. Complaint dismissed.

Henry M. V. Connelly, of New York City, for plaintiffs.

Steele & Otis, of New York City (William H. Ford, of New York City, of counsel), for the defendants.

GIEGERICH, J. The action is brought by two stockholders of the Pan-American Theatrical Company against that company and certain of its officers and other defendants for an accounting, for the appointment of a receiver of the company, and for an injunction.

The complaint, among other things, alleges that the defendant Chandler, on behalf of the said company, entered into an agreement with the Argentine Republic whereby that government agreed to pay to the company $3,000, and the company agreed to produce in the United States certain moving picture films, showing various views of the Argentine country; that six certain reels of moving picture films were delivered to the defendant Chandler on behalf of the company pursuant to the agreement; that the defendants Chandler, Mason, and Sanders

conspired to use the films for their own benefit in fraud of the company's rights, and have entered into a contract with the defendant All Americas Theatrical Company to produce said pictures; that prior to the commencement of the action the plaintiffs demanded of the defendants Pan-American Theatrical Company, Carlisle Mason, as president, and Ray Chandler, as vice president, thereof, that action be brought on behalf of the said company to protect its rights and interests and title to the said six reels of moving picture films; and that the said demand has been refused.

The answer of the defendants denies the allegations of the complaint, except the formal allegations of the incorporation of the Pan-American Theatrical Company and the All Americas Theatrical Company. When the proofs were all in the defendants renewed their motion to dismiss the complaint upon the ground, among others, that there was no evidence that a demand was made upon the Pan-American Theatrical Company to bring the action itself and that it refused or neglected to do so. Decision was reserved, and such point is now urged with great earnestness by the defendants.

[1] In this case the right of action, if any, belongs to the Pan-American Theatrical Company, and, in order to enable the plaintiff stockholders to sue in their own names, it is essential for them to show that they demanded of its board of directors that suit be brought by that company to obtain the relief they deem themselves entitled to, and that such board refused to bring such suit, or unreasonably neglected to proceed with it, unless it is shown that the directors were hostile to plaintiffs' contention, or were in some way concerned in the transaction complained of so as to render a demand useless. Dudley v. Armenia Ins. Co., 115 App. Div. 380, 100 N. Y. Supp. 818; Continental Securities Co. v. Belmont, 206 N. Y. 7, 99 N. E. 138, 51 L. R. A. (N. S.) 112, Ann. Cas. 1914A, 777.

[2] The plaintiffs, as I gather from the brief of their counsel, claim that their case comes within the exception to the rule above stated. The evidence, however, fails to sustain such contention. The record is barren of any proof as to the number of persons who constituted the board of directors of the said defendant Pan-American Theatrical Company during the period in suit. The case, however, was tried upon the theory that there were five directors, and according to the defendants' main brief such was the fact. The testimony shows that the plaintiff Dillon was a director and the treasurer of the company, that the plaintiff Post was its secretary and a director, the defendant Mason was the president and a director, the defendant Chandler the vice president and a director, and the defendant Sanders the general manager. The evidence further shows that the plaintiffs own or control in the aggregate more than a majority of the capital stock of the corporation.

Although it was assumed by the plaintiffs' counsel in framing questions put to certain witnesses that the defendant Sanders was a director of the company, he testified that he never was a director. This was not contradicted, and the fact that no demand upon Sanders that an action be brought by the company is alleged in the complaint indicates that he was not a director. But it cannot fairly be assumed from this

that the board consisted of the unusual number of four members, especially as it appears from the evidence that there were other stockholders than the plaintiffs and the defendants Mason and Chandler.

It is claimed in the defendants' reply brief that one of such other stockholders was the fifth director. As Sanders was not a director, and the number of directors must be taken to be five, it is plain that the action cannot be sustained upon the theory that a demand upon the board of directors to bring suit would have been an idle ceremony, because, with Sanders eliminated as a director, only two of the five directors remain charged with the alleged scheme of the defendants Mason and Chandler to appropriate to their own use property claimed to belong to the company.

[3] It is not alleged in the complaint, nor was any evidence offered, which in any way tended to show that the defendants Mason and Chandler dominated and controlled a majority of the board of directors in their alleged scheme to appropriate the films in question; and in the absence of such proof it cannot be presumed that the fifth director was hostile to the plaintiffs' contention. Since neither hostility nor participation in the alleged unlawful scheme of the defendants Mason and Chandler by the fifth director has been shown, the plaintiffs' case does not come within that class of cases where it has been held that a demand upon the corporation to bring suit was unnecessary, because under the circumstances it would be useless.

[4] As to a demand upon the corporation to bring suit, even if it were held that it could be made upon two of the directors charged with wrongdoing, the evidence is insufficient to warrant a finding that such a demand was made. Moreover, the defendants Mason and Chandler, as well as the defendant Sanders, deny that such a demand was made. It must be borne in mind that the governing body of corporations in this state is the board of directors. Continental Securities Co. v. Belmont, supra, 206 N. Y. 19, 99 N. E. 138, 51 L. R. A. (N. S.) 112, Ann. Cas. 1914A, 777. For aught that appears, the fifth director might have voted in favor of a proposition that the corporation itself bring the action to enforce the plaintiffs' alleged right, had he been requested to do so. The record, as already shown, does not disclose that he was controlled by the defendants Mason and Chandler, or either of them.

[5] It cannot be fairly assumed that he was, in view of the fact that the said defendants' combined holdings of stock did not equal that owned or controlled by the plaintiffs, and hence those directors were minority stockholders, and of the further fact that such fifth director is not charged with having participated in the scheme of the defendants above mentioned. In either aspect, whether for the purpose of a demand of the company to bring suit or an excuse for not making it, there is then a complete failure of proof of essential prerequisites to the plaintiffs' right to maintain this action. The complaint should therefore be dismissed, with costs, but without prejudice to the plaintiffs' right to bring a new action based upon sufficient facts appropriately alleged.

Submit, with proof of service, requests for findings within twenty days after the publication of this memorandum.