JOHN W. BARBRICK, Respondent, *v.* FERNANDO E. CARRERO, Appellant, Impleaded with RAFAEL MANZO and Others, Defendants.

First Department, July 11, 1918.

Attachment — allegations of complaint and affidavits insufficient — fraud — action cannot be based on promissory false representations — action on collateral promise — action for services upon basis of quantum meruit — pleading.

Where in an action for services neither the complaint nor plaintiff's affidavits state sufficient facts from which the court can properly estimate the extent or value of the plaintiff's services a motion to vacate a warrant of attachment should be granted.

An action for fraud cannot be maintained for false representations which are promissory in their nature.

Where an action is brought for fraud the court cannot disregard the fraud and allow recovery upon contract.

Where an agreement provides that it will be void if after sixty days a final agreement is not signed by both parties in which case all obligations purporting to be assumed thereby shall be void, and the final agreement is not signed, a collateral promise to procure the signing is in conflict with the written agreement and an action cannot be maintained thereon.

Where a plaintiff seeks to recover the value of his services in financing a corporation upon the basis of a *quantum meruit*, allegations as to fraudulent misrepresentations by the defendants as to the value of land to be acquired by the proposed corporation are irrelevant.

APPEAL by the defendant, Fernando E.. Carrero, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 13th day of May, 1918, denying his motion to vacate a warrant of attachment herein.

*Robert W. Crawford* of counsel [*Kellogg, Emery & Cuthell,* attorneys], for the appellant.

*George P. Breckenridge* of counsel [*Cabell & Breckenridge,* attorneys], for the respondent.

SMITH, J.:

The defendants, with the exception of Solana, were the officers and directors of the Naco National Oil Land and Mining Company, Ltd., of Mexico. Solana was the counsel for said company. Plaintiff secured an attachment upon property within the State belonging to Carrero, and from the denial of a motion to vacate that attachment this appeal is taken. Upon the 4th day of August, 1917, the defendants negotiated for a contract between the plaintiff and this Naco Company. The proposed contract was put in writing. By the terms thereof the Naco Company, which was the party of the first part, employed the plaintiff as its agent, broker and representative to assist it in raising capital to procure and develop certain oil wells and mines and to assist in financing the said company, giving to the plaintiff the full power to organize and incorporate an American company with a capital of $10,000,000. In this proposed contract were provisions for the capital stock of said company, of which the Naco Company was to have 3,500,000 shares, which were to be sold by an underwriting syndicate for the purpose of raising $1,000,000, to be paid to the Naco Company. The plaintiff, as party of the second part, was to receive five per cent commission upon any sale of stock and what stock remained unsold after the raising of this $1,000,000 was to be given to this plaintiff, in addition to commissions named. The Naco Company was thereafter to transfer its property to this American company. This contract, though purporting to be made by the Naco Company, was signed by the plaintiff and these four defendants. After the contract was so signed, a 6th provision was added, reading as follows: " *6th.* This agreement will be void if after sixty days from this date, the final agreement is not signed by both parties." To this 6th clause were appended the signatures of this plaintiff and three of the defendants, Solana, Carrero and Manzo.

The contract was not signed within the six months, and thereafter the plaintiff brought this action against these four defendants. In the complaint it is alleged that a contract was made between the plaintiff and the defendants, which was set forth as Exhibit " A," annexed to the complaint, and which is the contract above stated. It is then alleged that these defendants " falsely and fraudulently represented to the plaintiff that said corporation would immediately, on return of said defendants to Mexico (except the defendant Carrero), have said contract ratified and approved by the said Naco Corporation and cause said contract to be executed on behalf of the corporation by the defendant Carrero, who remained in the City and County of New York, and that said contract would be signed on behalf of the company within the said period of sixty days from its said date." It is also stated that these defendants falsely represented the value of the oil lands and the wells and the property of the Naco Company to be of great value, worth upwards of $10,000,000 in American money. It is then alleged that in reliance upon these representations, the plaintiff devoted " his best services and energies towards arranging to finance said corporation, and plaintiff succeeded in securing persons who had the necessary capital required by said contract, and who were willing to enter into the arrangements provided for by said contract." It is further alleged that " the defendants did not and would not cause said contract to be executed by said Naco Corporation and said representations made, as aforesaid, were false and were known to the defendants when made, to be false, and were made with intent to deceive and defraud the plaintiff and to induce him to enter into said contract with the defendants and to devote his time and money towards securing necessary capital; * * * that in reliance on said representations * * * plaintiff devoted his time and energies towards the securing of said capital, and expended large sums of money in connection " therewith, and " that plaintiff has been damaged by reason of the aforesaid in the sum of $6,600," for which judgment is asked, besides costs.

In the affidavit upon which the attachment is served the damages of the plaintiff are sought in the amount of

$6,600, " he having devoted his time and energies towards securing capital, and the value of plaintiff's time being worth the sum of $6,000, and plaintiff having expended in connection with said services the sum of $600."

Within the authorities the plaintiff has not shown with sufficient detail either the character of the service rendered or its value, in order to justify the granting of the warrant of attachment. In *Southwell* v. *Kingsland* (85 App. Div. 384) it is held that " the mere expression of plaintiff's opinion as to value, without corroboration, or any details as to the nature or extent of the labor and services performed, is insufficient." In *Calmon Asbestos & Rubber Works* v. *Asbest-Und-Gummiwerke* (141 App. Div. 198) it is held that the moving papers on an application for an attachment must state evidentiary facts from which the judge may conclude that one of the causes of action specified in section 635 of the Code of Civil Procedure exists. Mere conclusions of fact appropriate to a pleading do not suffice. In *Wolfsohn Bros. Co.* v. *Lanzit* (141 App. Div. 420) it is held that on an application for an attachment the moving affidavit must state facts from which the amount of plaintiff's damages can be estimated. In *Delafield* v. *Armsby Company* (62 App. Div. 262) the opinion in part reads: " In an action upon a contract for the payment of a sum certain, it appears from the contract itself what the damages will be; but where the damages are unliquidated it is necessary for the plaintiff in his affidavit to set out the evidence which he claims proves his damages in order that the court may judge as to whether he has evidence of damage, and that his allegation of damage is not mere matter of speculation." (See, also, *Haskell* v. *Osborn*, 33 App. Div. 127.) Within these rules we are of opinion that neither in the complaint nor in the affidavits are stated sufficient facts from which the court can properly estimate the extent or value of the plaintiff's services, and for lack of allegation of sufficient facts upon which the court itself can judge of the extent and value thereof the attachment was improperly granted.

But the greater difficulty for the plaintiff lies in the nature of the cause of action stated. The contract, which has been heretofore set forth, is stated in the complaint as the agree-

ment between the parties, but that agreement specifically recites that the same is to be void unless signed within sixty days. The agreement itself is not signed by the Naco Company, and in the agreement the plaintiff himself has made no promises, so that the only possible interpretation of this contract is that the defendants have sixty days within which to determine whether or not the Naco Company will bind itself by this agreement. In other words, the agreement shows on its face that it is merely a tentative agreement to be approved or not by the Naco Company within the sixty days, and the failure of the Naco Company to sign the agreement within the sixty days releases all parties from any obligations purporting to be assumed by the proposed contract. This difficulty was apparent in the mind of the plaintiff's counsel when this complaint was drawn and the gravamen of the action is, therefore, placed upon false representations of the defendants to the effect that they will secure the execution of the contract by the Naco Company within the sixty days. That this action cannot be maintained for these false representations is well established because these false representations are promissory in their nature; nor can we disregard the allegation of false representation and treat the allegation as of a collateral promise, for two reasons: *First,* because such is not the nature of the action. The action is brought for fraud and the court is not authorized, therefore, to disregard the fraud and allow recovery upon contract. *Secondly,* as a collateral promise, it is apparent that the promise is in conflict with the written agreements made, which under the construction which we have given thereto, authorizes the defendants and the Naco Company to refuse to enter into the contract within sixty days, in which case all obligations purporting to be assumed thereby are declared to be void. I am unable to see any relevancy of the allegations as to the fraud in the misrepresentation as to the value of the oil lands and wells of the Naco Company. These allegations can be material only upon the question of the amount of damage which the plaintiff has suffered and can hardly be material in that aspect of the case, inasmuch as in the action plaintiff seeks to recover the value of his service simply upon the basis of a *quantum meruit.*

The order denying the motion to vacate the attachment

should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.