■ MITCHELL & MORGAN, INC., Respondent, v. JOSEPH SCHNEEBALG, Doing Business as SCHNEEBALG & Co., Appellant.— Order denying motion to vacate two warrants of attachment unanimously reversed, on the law and in the exercise of discretion, with $20 costs and disbursements to defendant-appellant, and the motion remanded to Special Term with leave to plaintiff-respondent to submit, within 15 days of service of the order herein, additional affidavits in support of the warrants. The affidavits of plaintiff's president fail to disclose evidence on which the claim for damages is based. (*Krellberg* v. *Gregory*, 10 A D 2d 824; *Miller Bros. Construction Co.* v. *Thew Shovel Co*, 248 App. Div. 150; *Anderson* v. *Malley*, 191 App. Div. 573; *Calmon Asbestos & Rubber Works of America* v. *Asbest-Und-Gummiwerke*, 141 App. Div. 198.) Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. MARIE STAVIES on Behalf of MARTIN ROTHSTONE, an Incompetent, Appellant, against EDWARD V. LOUGHLIN, as Committee of the Person and Property of MARTIN ROTHSTONE, an Incompetent, et al., Respondents.— Final order unanimously modified, on the law, without costs, and all the decretal paragraphs therein stricken except the first, and, as so modified, affirmed. A grant of counsel fees in a habeas corpus proceeding is not permissible. (*People ex rel. Sabbeth* v. *Sabbeth*, 2 Misc 2d 593.) Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.

■ BERNARD WALDMAN, Respondent, v. CEDAR MANAGEMENT CORP., Appellant.— Order unanimously modified, on the facts and in the exercise of discretion, so as to dismiss the complaint unconditionally, and, as so modified, affirmed, with $20 costs and disbursements to appellant, and judgment directed to be entered in favor of defendant dismissing the complaint, with costs. Counsel's explanation of the three years and nine-months' delay in bringing the case on for trial due to the failure of trial counsel to act diligently does not satisfy the requirements of reasonableness called for under section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice (*Moshman* v. *City of New York*, 3 A D 2d 825; *Rist* v. *234 East 33rd Corp.*, 4 A D 2d 867; *Hardware Mut. Cas. Co.* v. *Rosenberg*, 3 A D 2d 988; *Hyde & Sons* v. *Roller Derby Skate Co.*, 1 A D 2d 942; *Davis* v. *Cunard Steamship Co.*, 284 App. Div. 1036; *Cooper* v. *Schnabolk*, 283 App. Div. 937). Concur — Botein, P. J., Breitel, McNally, Stevens and Noonan, JJ.