David Isaacs, Respondent, *v.* John Wanamaker, Appellant.

1. Damages — Action for Breach of Warranty. Where an article is delivered to the purchaser thereof with an express warranty, the measure of the purchaser's damages on the breach thereof is the difference between the value of the article if it had been as warranted and the actual value.

2. Same — Erroneous Award of Damages. Where, in an action brought by the purchaser of an automobile, purchased and paid for under an alleged express warranty, to rescind the contract and recover the purchase price, it is found, as matter of fact, that the transaction constituted a contract of sale, fully executed, accompanied by an express warranty and, as matter of law, that the plaintiff had rightly rescinded the contract and was entitled to recover the purchase price and the amount of freight paid for transporting the machine from the place where it was purchased to the place of plaintiff's residence, the judgment entered upon such findings must be reversed; the plaintiff's damages were awarded on a wrong theory, since the defendant is entitled to litigate the questions of breach of warranty, and the value of the machine sold and delivered, even if it were proved that there had been a breach.

*Isaacs* v. *Wanamaker*, 118 App. Div. 888, reversed.

(Argued June 4, 1907; decided June 14, 1907.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered May 5, 1906, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Abner T. Hopkins* and *Mortimer A. Federspiel* for appellant. Plaintiff's recovery should be not for the return of the

purchase price and full indemnification to him for what he paid for transportation, but for damages arising out of the alleged breach of warranty. (*Osborn* v. *Gantz*, 60 N. Y. 540; *Muller* v. *Eno*, 14 N. Y. 597; *Vorhees* v. *Earl*, 2 Hill, 288; *Rust* v. *Eckler*, 41 N. Y. 488; *Briggs* v. *Hilton*, 99 N. Y. 517; *Cary* v. *Gruman*, 4 Hill, 625; *Nichols* v. *Townsend*, 7 Hun, 375; *Moyer* v. *Shoemaker*, 5 Barb. 321; *Cooper* v. *Payne*, 103 App. Div. 118; *Reed* v. *Randall*, 29 N. Y. 359.)

*Morris Cohn, Jr.*, for respondent.    The claim of the defendant that the contract was an executed sale at Philadelphia and that the plaintiff's claim is limited in any event to damages for a breach of warranty, is not well founded. (*C. I. Co.* v. *Pope*, 108 N. Y. 236; *Haltelin* v. *Rice*, 62 Barb. 593; *Joyce* v. *Swann*, 17 C. B. [N. S.] 94; *Rodee* v. *Wade*, 47 Barb. 53; *Blossom* v. *Shotter*, 59 Hun, 481; *Anderson* v. *Read*, 106 N. Y. 333; Story on Sales, § 422; 1 Pars. on Cont. [7th ed.] 592, 593; *Rogers* v. *Hanson*, 35 Iowa, 283.)

EDWARD T. BARTLETT, J.    The referee found that on the 26th day of July, 1904, the defendant sold to the plaintiff a Searchmont touring car with certain appurtenances; that at the time of the sale the plaintiff paid to defendant the entire purchase price of twelve hundred dollars; that the defendant made certain representations and statements to plaintiff in respect to the machine before the purchase thereof which constituted a warranty; that the defendant was guilty of a breach of the same, upon which the plaintiff relied, and that it subsequently proved to be untrue.    It is further found that upon the discovery of the breach of warranty when the car arrived in Niagara Falls plaintiff promptly rescinded the contract and offered to return the machine and appurtenances and demanded the repayment of the purchase price.    The referee held, as matter of law, that the plaintiff had properly rescinded the contract and was entitled to recover of the defendant the purchase price of twelve hundred dollars and interest, and the further sum of thirty-one dollars and twenty cents, with inter-

est, being the amount of freight paid for transporting said car from the city of Philadelphia, where it was purchased, to the city of Niagara Falls, where the plaintiff resides.

The plaintiff's damages were awarded on a wrong theory and the judgment must be reversed. The action is based upon an alleged rescission of the contract and the right of the plaintiff to recover the purchase price as such, and certain freight charges. The findings present a contract of sale, fully executed, accompanied by an express warranty.

It has long been the settled law of this state that where an article is delivered to the purchaser with an express warranty, the measure of the purchaser's damages on the breach thereof is the difference between the value of the article if it had been as warranted and the actual value. ( *Voorhees* v. *Earl*, 2 Hill, 288 ; *Cary* v. *Gruman*, 4 Hill, 625 ; *Muller* v. *Eno*, 14 N. Y. 597 ; *Rust* v. *Eckler*, 41 N. Y. 488.)

The defendant is entitled to litigate the questions of breach of warranty and the value of the article sold and delivered even if it were proved that there had been a breach.

The judgments of the Special Term and Appellate Division should be reversed and a new trial ordered, with costs to abide the event.

CULLEN, Ch. J., GRAY, HAIGHT, VANN, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment reversed.