BENJAMIN C. MATHES et al., Respondents, *v.* ELLA C. McCARTHY, Appellant.

Practice — trial — effect of request for direction of verdict upon the pleadings — action for purchase price — defense of breach of warranty.

A request to direct a verdict upon the pleadings is practically a demurrer, and admits all the facts as stated in the answer.

In an action brought to recover for the purchase price of a piano, defendant answered setting up a warranty of the piano, and its breach, and the further defense that plaintiffs agreed to take back the piano, provided, only, rent should be paid therefor and in addition certain other items, all of which defendant alleged she was willing to pay. Judgment was directed for plaintiffs on the pleadings. *Held,* that plaintiffs are in the attitude of having admitted their warranty and its breach; also the execution of the agreement rescinding the contract, and that the amount due them after performance on their part is fixed by that agreement.

*Mathes* v. *McCarthy,* 122 App. Div. 899, reversed.

(Argued February 22, 1909; decided March 16, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 10, 1907, affirming a judgment in favor of plaintiffs entered upon an order granting a motion for judgment on the pleadings.

The nature of the action and the facts, so far as material, are stated in the opinion.

*J. C. Knickerbocker* for appellant. The trial court erred in granting the motion made by plaintiffs' attorney for a judgment upon the pleadings against the objection of defendant, and the requests of defendant to be allowed to go to the jury and offer proof on all the counts in the answer and all the issues raised in the case. (*Carley* v. *Wilkins,* 6 Barb. 557; *Morgan* v. *Powers,* 66 Barb. 35; *Parks* v. *M. A. Co.,* 54 N. Y. 586; *Hawkins* v. *Pemberton,* 51 N. Y. 198; *Leichenstein* v. *Robalinsky,* 75 App. Div. 68; *Reed* v. *Randall,* 29 N. Y. 362; *P. H. & F. M. R. Co.* v. *N. Y. F. Co,* 51 Misc. Rep. 627; *Spier* v. *Hyde,* 78 App. Div. 151; *Moore-*

*house* v. *S. Nat. Bank*, 98 N. Y. 503; *Ceballis* v. *M. S. S. Line*, 93 App. Div. 594.)

*Thomas A. Kirby* for respondents. The 4th paragraph of the answer fails to set forth any statement of facts which would constitute a defense to the cause of action set forth in the complaint. (5 Ency. of Pl. & Pr. 69; *A. M. & Co.* v. *Seichting*, 126 Ind. 137; *Castles* v. *Woodhouse*, 6 Leg. Ob. 392; *Norton* v. *Dreyfus*, 106 N. Y. 95; *Spencer* v. *Babcock*, 22 Barb. 335; *Bridge* v. *Payson*, 5 Sandf. 211; *Nash* v. *Widenfield*, 41 App. Div. 515.) The 5th paragraph of the defendant's answer fails to state facts sufficient to constitute a defense. (*Clark* on Cont. 609; *Crawford* v. *Millspaugh*, 13 Johns. 87; *Muller* v. *Eno*, 14 N. Y. 597; *Rust* v. *Eckler*, 41 N. Y. 488; *Parks* v. *M. T. Co.*, 54 N. Y. 586; *Bandman* v. *Finn*, 185 N. Y. 513; *Kromer* v. *Hein*, 75 N. Y. 574.)

EDWARD T. BARTLETT, J. This action was brought by the plaintiffs as copartners to recover from the defendant the sum of $220.00, with interest, as the purchase price of a piano.

The defendant in her answer admits the purchase and delivery of the piano and interposes two separate defenses. In subdivision "Fourth" of the answer she avers that at the time of the purchase of the property in question, the plaintiffs represented, guaranteed and warranted that the wires, strings and felts composing the piano were imported and the very best possible material used in manufacturing a piano, and that the flanges were of brass, and that the price offered was about cost, and little or no profit was being made on the sale.

Defendant further alleges that knowing nothing about the construction, manufacture and cost of the piano, she relied upon the statements, representations, guaranty and warranty so made by plaintiffs, and solely relying upon the same purchased said piano and agreed to pay therefor the sum mentioned. Defendant further alleges that in truth and in fact the said statements, representations, warranty and guaranty so made by plaintiffs as aforesaid were untrue and defendant was deceived thereby.

In the "Fifth" subdivision of the answer the defendant sets up a further defense that she saw one of the plaintiffs, with whom the contract of purchase was made on or about January, 1906, and informed him that she did not desire to keep the piano and offered to return the same to the plaintiffs; and that the plaintiff, with whom she was negotiating, for himself and also in behalf of his copartners, promised and agreed to take the piano back and remove it as soon as he could get a place for the same, providing this defendant would pay him for his trouble and the expense of carting and delivering the same to her and taking it away again, which defendant then and there promised and agreed to do.

That on or about April 1st, 1906, the plaintiff with whom the defendant negotiated, for himself and also in behalf of his copartners, promised and agreed to take away the piano from defendant's house as soon as he should have time, and that he would notify the defendant when he would be ready to call for the piano and take it away, and that he should be paid rent for the time the defendant had the piano; that said piano was left by the plaintiffs in the house of the defendant, after they made the said arrangements as above stated, and is there now subject to the order of the plaintiffs; that the defendant is willing to pay what she agreed to, as above stated.

When this case came on for trial with a jury, the plaintiffs' counsel moved that the court direct a judgment for plaintiffs upon the pleadings. This motion was granted. The counsel for defendant asked the court to allow him to go to the jury, in substance, upon the "Fourth" and "Fifth" counts or subdivisions of the answer; also upon all the counts in the answer. These requests were denied and exception duly taken. The trial judge thereupon announced that he directed a judgment for the plaintiffs on the pleadings, and defendant's counsel duly excepted.

The request to direct a verdict upon the pleadings is practically a demurrer, and admits all the facts as stated in the answer.

If this case goes to a second trial, the original *status* has been changed by the contract of the parties.

When the defendant ascertained that the piano which she purchased of the plaintiffs was not as agreed, under their contract of warranty, she could have kept the piano, relying upon the express warranty, and the measure of her damages on the breach thereof, in an action brought by the vendors, would have been the difference between the value of the piano, if it had been as warranted, and the actual value. (*Isaacs* v. *Wanamaker*, 189 N. Y. 122, 124; *Voorhees* v. *Earl*, 2 Hill, 288; *Cary* v. *Gruman*, 4 Hill, 625; *Muller* v. *Eno*, 14 N. Y. 597; *Rust* v. *Eckler*, 41 N. Y. 488.)

There is no question of fraud in this case.

The plaintiffs are in the attitude of having admitted their warranty and its breach; also the execution of the agreement rescinding the contract.

As the case now stands, the amount due the plaintiffs, after due performance of this contract on their part, is fixed by that instrument.

It does not affirmatively appear whether the contract to return the piano was verbal or in writing.

The judgment ordered on the pleadings in favor of the plaintiffs is erroneous.

The judgment and order appealed from should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., HAIGHT, VANN, WILLARD BARTLETT and CHASE, JJ., concur; GRAY, J., concurs in result.

Judgment and order reversed, etc.