WOLFSOHN BROS. CO. v. LANZIT et al.

(Supreme Court, Appellate Division, First Department. December 2, 1910.)

1. ATTACHMENT (§ 77*)—AFFIDAVIT—COMPLAINT.

The complaint, where composed of allegations sworn to, as of his own knowledge, by a member of plaintiff company, may be treated as an affidavit for an attachment in the action.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 204–206; Dec. Dig. § 77.*]

2. PLEADING (§ 18*)—COMPLAINT—SUFFICIENCY.

Where a complaint would appear from some portions thereof to be for a breach of warranty, in which case the damages would be the difference between the value of the article as warranted and the actual value as delivered, but the value as delivered is not stated, and there are allegations suggesting a cause of action in conversion but no statement of value of the converted articles, the complaint states no cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 39; Dec. Dig. § 18.*]

Appeal from Special Term, New York County.

Action by the Wolfsohn Bros. Company against Joseph J. Lanzit and another. From an order denying a motion to vacate an attachment, defendants appeal. Reversed, and motion granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, LAUGHLIN, and DOWLING, JJ.

Charles Trosk, for appellants.
George L. Lewis, for respondent.

SCOTT, J. The proofs of nonresidence are sufficient, and the complaint, being composed of allegations sworn to as of his own knowledge by William H. Wolfsohn, may be treated as an affidavit. The difficulty is, however, that the complaint states no cause of action, or, if one can be spelled out, no facts are stated upon which an estimate can be made of plaintiff's damages.

From some portions of the complaint it would appear that plaintiff sues for a breach of warranty, but the damages in that case would be the difference between the value of the article as warranted and the actual value of the goods as delivered (Isaacs v. Wanamaker, 189 N. Y. 122, 81 N. E. 763), and the latter is not stated. There are also allegations suggesting that plaintiff may have a cause of action in

conversion, but here again no value is stated of the converted articles. It follows that the order appealed from must be reversed, with $10 costs and disbursements and the motion granted with $10 costs. All concur.