## STRATTON v. SPAETH.

(Supreme Court, Appellate Division, Second Department.   October 20, 1911.)

1. SALES (§ 442*)—WARRANTY—BREACH—MEASURE OF DAMAGES.
    In case of a breach of warranty on the sale of a machine, the measure of damages is the difference between the actual value of the machine and the price paid under the warranty.
    [Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

2. SALES (§ 441*)—WARRANTIES—BREACH—EVIDENCE.
    On an issue as to damages from the breach of warranty of a machine, even if the amount paid for repairs would constitute the measure of damages, evidence as to the amount so paid will not be considered, where there was no proof as to the nature of the repairs or as to their reasonable value.
    [Ed. Note.—For other cases, see Sales, Dec. Dig. § 441.*]

Appeal from Municipal Court, Borough of Queens, Second District.
Action by E. Platt Stratton against Charles Spaeth.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.
Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.
John W. Weed, for appellant.
John J. Trapp, for respondent.

CARR, J.   This is an appeal from a judgment of the Municipal Court in the Borough of Queens in favor of the defendant on a counterclaim.   The plaintiff brought an action to recover the sum of $150 on an assigned claim.   The complaint was oral.   The defendant pleaded orally a general denial and set up a counterclaim for $91.23. Thereafter both parties filed written bills of particulars.   The defendant's counterclaim against the plaintiff personally was in the sum of $91.23, as before stated, and on the trial the plaintiff admitted it; hence, if the plaintiff's cause of action was sustained, he was entitled to a judgment of $58.77, with interest.
[1] The fact that there was a judgment against him of $39.77 and costs indicates that the trial court did not find that the plaintiff had proved his cause of action, which was for $150.   There was no contention but that the defendant was liable for $150 on the assigned claim, unless he should establish a defense thereto.   The defendant bought a secondhand automobile for $250 from one Tredwell.   He paid down in cash $100, and agreed to pay the balance.   Tredwell assigned his claim for this balance to the plaintiff.   The defendant, however, sought to prove that Tredwell had warranted the machine to be in good running order, and he disputed any liability on the claim of a breach of warranty.   If there was a breach of warranty, then the measure of his damages was the difference between the actual value of the machine and the price paid under the warranty.   Mathes v. McCarthy, 195 N. Y. 40, 87 N. E. 768.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] The trial court evidently found that there was a warranty and a breach thereof. If so, it failed to apply the proper rule of damages. The defendant gave proof to show that the actual value of the vehicle at the time of the sale was but $50, while its value if it had been as warranted would have been $250. If the trial court accepted this proof, then it should have given judgment for the defendant in the full amount of his counterclaim of $91.23 arising out of a contract for work, labor, and services rendered by the defendant for the plaintiff personally, and entirely independent of the claim assigned to the plaintiff by Tredwell. The court, however, gave the defendant a judgment for $39.77, which indicates that it did not accept the defendant's proofs as to the difference in value between the article as warranted and as it actually stood. How it arrived at the amount for which it rendered judgment is not clear, unless we assume that it considered certain evidence offered by the defendant, and received over the exception of the plaintiff, as to the amount paid by the defendant for repairs on the automobile. Assuming that the amount paid for such repairs would constitute the measure of damages, which we do not concede, yet as there was no proof as to the nature of the repairs, nor as to their reasonable value, it was improper to consider this evidence at all.

The judgment should be reversed, and a new trial ordered; costs to abide the event. All concur.