## POWELL v. NEW ENGLAND COTTON YARN CO.

(Supreme Court, Appellate Division, Fourth Department. January 8, 1913.)

1. SALES (§ 288*)—WARRANTY—OPERATION—ACCEPTANCE.

Where an oral contract for the sale of yarn contained an express warranty that it should be of a quality equal to that contained in a sample of cloth exhibited to the buyer at the time of the sale, such express warranty survives acceptance of the goods.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 817–823; Dec. Dig.. § 288.*]

2. SALES (§ 442*)—ACTION FOR BREACH OF WARRANTY—DAMAGES—DIFFERENCE BETWEEN ACTUAL VALUE AND VALUE AS WARRANTED.

Where an article is delivered to a buyer with an express warranty, the measure of the buyer's damages on breach of such warranty is the difference between the value of the article if it had been as warranted and its actual value.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1284–1301; Dec. Dig. § 442.*]

3. SALES (§ 440*)—BREACH OF WARRANTY—DAMAGES—EVIDENCE.

In an action for breach of an express warranty that yarn should be of a quality equal to that contained in a sample of cloth exhibited to the buyer at the time of the sale, proof that underwear manufactured from the yarn furnished was worth 50 cents per dozen less than if manufactured from such yarn as defendant was to furnish was not the proper mode of showing the difference in value, and hence the admission of such proof was error.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1261–1276; Dec. Dig. § 440.*]

Appeal from Trial Term, Oneida County.

Action by Charles A. Powell against the New England Cotton Yarn Company. From a judgment of the Supreme Court upon a verdict of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

a jury in favor of plaintiff in the sum of $10,115.21, damages and costs, and from an order denying defendant's motion for a new trial made on the minutes of the court, defendant appeals. Judgment and order reversed, and new trial granted.

Argued before McLENNAN, P. J., and KRUSE, ROBSON, FOOTE, and LAMBERT, JJ.

J. L. Moore, of Ft. Plain, for appellant.

Everett E. Risley, of Utica, for respondent.

McLENNAN, P. J. The plaintiff is a manufacturer of knit underwear, and for the purposes of that business ordered from the defendant, which is engaged in the manufacture and sale of cotton yarn, 250,000 pounds of yarn known as 14/1 combed peeler cops, to be delivered at the rate of 50,000 pounds per month, at 28 cents per pound.

[1] Upon the evidence the jury were warranted in finding that the contract for the sale of the yarn was made orally, and contained an express warranty that the yarn should be of a quality equal to that contained in a sample of cloth exhibited to the plaintiff at the time of the sale, and it is well established by authority that an express warranty of that nature survives acceptance of the goods. As soon as the first installment of yarn was delivered, defects were discovered by the plaintiff, and he immediately notified the defendant that he would not accept such yarn in fulfillment of the contract, but would hold the defendant liable for damages for the breach of its warranty as to the quality of the yarn. The subsequent installments of yarn were defective, and similar complaints were in each instance made by the plaintiff, and, while payment in full was made, each payment was accompanied by a letter stating that payment was made under protest, and without waiving any of the rights which the plaintiff claimed to have under the contract.

The only evidence given by the plaintiff as to the amount of damages sustained by him was to the effect that a certain number of dozens of underwear were manufactured from the yarn furnished, and that they were worth 50 cents per dozen less than they would have been if made from such yarn as the defendant contracted to furnish. This evidence was received over the objection and exception of the defendant, which claimed that it was not the proper measure of damages in the case. The court in its charge stated the measure of damages to be the difference between what the goods would have been worth if as represented and what they were actually worth in the form they were furnished, and referred to evidence above stated. At the close of the charge, defendant's counsel requested the court "to instruct the jury that the only measure of damages that can be considered is the difference between the sample and the delivered yarn, if any difference existed, and that no consideration can be had of any comparative values in the manufactured garments in this case." To this the court replied:

"Well, I so charge. The measure of damages here, gentlemen, is the difference in the value of the yarn actually furnished, and that which the defendant agreed to furnish, and did not furnish."

[2] We think that the court correctly charged as to the measure of damages:

"It has long been the settled law of this state that, where an article is delivered to the purchaser with an express warranty, the measure of the purchaser's damages on the breach thereof is the difference between the value of the article if it had been as warranted and the actual value." Isaacs v. Wannamaker, 189 N. Y. 122, 81 N. E. 763. See, also, Muller v. Eno, 14 N. Y. 597.

[3] There was, however, in the case no evidence upon which the jury could determine the amount of damages sustained by the plaintiff under the proper rule of damages.

The plaintiff relies upon the case of Parks v. Morris Axe & Tool Co., 54 N. Y. 586, to sustain the judgment. In that case it appeared that the plaintiff had contracted to deliver to the defendant steel of a certain quality; that the steel delivered was not as represented, but contained certain defects not discoverable upon inspection at the time of delivery, but which became patent when the steel was manufactured into axes. It further appeared that the plaintiff understood that the steel furnished was to be used in the manufacture of axes. The defendant, relying upon the plaintiff's warranty, manufactured axes from the steel, and upon the trial was allowed to show that the axes so manufactured were worth a certain amount less per dozen than they would have been if the steel furnished had been of the quality represented. The Court of Appeals held that this was a competent method of arriving at the damages sustained by the defendant for the breach of the warranty in that case.

We think, however, that that case is not an authority to sustain the contention of the respondent in the case at bar. It there appears, as above stated, that the defendant used the steel in the manufacture of axes, relying upon the expressed warranty of the plaintiff. In the case at bar it appears without contradiction that the defects in the yarn were discovered by the plaintiff before it had been used in the manufacture of underwear, and it cannot be said that the plaintiff used the yarn relying upon the expressed warranty of the defendant. While it is true, as stated in the case of Parks v. Morris Axe & Tool Co., supra, "that the rule of damages is the difference in value, and that the market price is one mode, but by no means the only mode, of arriving at that difference," we think that in the case at bar the plaintiff did not adopt the proper mode of showing the difference in value, and that the court committed error in receiving the evidence as to the difference in the value of the manufactured garments. There was no other evidence in the case from which the jury could determine what the damages were, and, even if there had been, evidence of the difference in value of the manufactured garments should not have been received because it would only serve to confuse the question in the minds of the jury.

We therefore conclude that the judgment and order must be reversed and a new trial ordered with costs to the appellant to abide the event, for the reason that the court committed error in the reception of the

evidence above referred to as to the difference in value between the manufactured garments.·

Judgment and order reversed, and new trial granted, with costs to appellant to abide event.   All concur.