Judgment reversed and new trial ordered, with costs to abide event.

---

EDWARD S. BROWN, Plaintiff, *v.* FRANK B. WARWICK, Defendant.

(County Court, Niagara County, April, 1913.)

Sales — sale of chattel with warranty — rescission — contracts.
New trial — action on promissory note — evidence — motion for new trial on the minutes.

> The purchaser on the sale of a chattel with warranty, in the absence of fraud, cannot rescind but must stand on the warranty, which generally will afford substantially the same relief as would a rescission of the sale.
>
> In an action on a promissory note given by defendant on an executed sale of a grain drill with a warranty, the answer set up a general denial, breach of warranty and rescission, and on plaintiff's motion defendant elected to stand on the defense of rescission. It appeared on the trial that defendant used the drill in several acres for wheat and when the wheat came up, according to his witnesses, it was found to have been unevenly distributed in the soil and appeared in little bunches all over the field,

16

County Court, Niagara County, April, 1913. [Vol. 80.

and before plaintiff had a reasonable opportunity to supply and adjust certain alleged defective parts of the drill, as he had promised, defendant returned it, and upon plaintiff's refusal to accept it left it standing in front of plaintiff's place of business, whence it was removed as an obstruction by the superintendent of streets in whose custody it was at the time of the trial. At the close of the evidence, the court granted a motion for the direction of a verdict in plaintiff's favor on the sole ground that there could be no rescission of an executed sale. Held, that such motion was properly granted and that defendant's motion for a new trial on the minutes must be denied.

MOTION by defendant for a new trial upon the minutes.

C. L. Nicholls, for motion.

W. H. Vicary, opposed.

HICKEY, J. This is a motion by defendant for a new trial upon the minutes. The action was to recover on a promissory note given by defendant for the purchase price of a grain drill. The defendant visited plaintiff's place of business, was shown the drill in question, agreed upon its price, gave his promissory note therefor and took the drill home with him. A warranty accompanied the sale. The transaction therefore constituted a fully executed sale of the drill and the title passed to the defendant.

After taking the drill home defendant used it to drill in several acres of wheat. When this wheat came up, according to the testimony of defendant's witnesses, it was found to have been unevenly distributed in the soil and appeared in little bunches all over the field, indicating imperfections in the working of the drill. Complaint was made to plaintiff, who promised to sup-

ply and adjust certain alleged defective parts of the drill which were assumed to be responsible for the uneven distribution of the grain, but before he had a reasonable opportunity so to do defendant returned the drill. Plaintiff refused to accept it and upon such refusal defendant left it standing in the street in front of plaintiff's place of business. Plaintiff allowed the drill to remain where defendant left it and it was finally removed as an obstruction by the superintendent of streets and at the time of the trial was still in the custody of that official.

Defendant's answer sets up a general denial, breach of warranty and rescission. The defense of rescission was not as clearly set forth as it might have been but was allowed to stand as such after some discussion, plaintiff acquiescing therein. Thereupon and on motion of plaintiff's attorney defendant was required to elect whether he would stand upon his defense of a breach of warranty or upon his defense of a rescission, the two defenses being inconsistent. Norton v. Dreyfuss, 106 N. Y. 91.

Defendant elected to stand upon his rescission, claiming that the drill was worthless, and gave evidence to that effect during the trial. At the close of the evidence plaintiff moved for the direction of a verdict in his favor on the ground that there could be no rescission of an executed sale. The motion was granted. Defendant took an exception and the legality of the ruling now comes up for review on this motion by defendant for a new trial.

Defendant, claiming that the drill in question was worthless, relies upon the case of Stone v. Frost, 6 Lans. 440; affd., 61 N. Y. 615, without opinion, as an authority to the effect that he was entitled to go to the

jury on that point. I am unable to give that case any such interpretation. There, the plaintiff in February purchased of the defendant a quantity of grape roots to be delivered in the spring and to be paid for on delivery. When delivered defendant's agent through whom the delivery was made objected to the opening of the packages for inspection on account of the cold weather but gave directions as to what should be done with them and stated that it would be made all right if the roots were not found right when opened. Thereupon plaintiff paid for the roots. Later on when he opened the packages the roots were found to be dead and worthless. Notice by letter of their condition was immediately given to the agent who delivered them and a request made that he take them away and return the purchase price. The agent turned the letter over to defendant who answered it. Payment back was refused and plaintiff brought suit without returning or further offering to return the roots. The jury found that the roots were dead and worthless when delivered and returned a verdict in plaintiff's favor. Defendant appealed.

The transaction itself was clearly an executory sale and seems to have been so regarded by all parties both upon the trial and upon the appeal. That plaintiff so regarded it is to be inferred from his refusal to accept the roots when their condition was discovered, his prompt rescission of the contract by demanding a return of the purchase price and his bringing suit to recover the same when its payment was refused. And that defendant regarded it as an executory sale is indicated by his motion for a nonsuit upon the trial which was made on the ground that the roots had not been returned nor had any offer been made to return them;

and on the appeal the opinion of the court states that such was defendant's contention.  The sale, therefore, being executory carried with it the right on the part of the purchaser to rescind when the roots were found to be worthless, or not as represented.  Reed v. Randall, 29 N. Y. 358.

And unless he waived his right to rescind by an unqualified acceptance or otherwise he was entitled to recover back the purchase price.

It was urged upon the appeal, however, that plaintiff had waived his right to rescind in the first place by an acceptance of the roots and in the second place by a failure to return or offer to return them.  But the court held that there had been no unqualified acceptance and it is very clear that there was not; for the request of the agent not to open the package amounted to an extension, if such was necessary, of the time within which plaintiff was privileged to inspect and reject the roots if they were not found to be all right.  And upon the question of plaintiff's failure to return or offer to return the roots the court held that there was sufficient evidence of an offer to return to warrant the jury in finding that such an offer had in fact been made.  What was said further by the court in its opinion on the subject of its being unnecessary to return or offer to return the roots, because of their absolute worthlessness as well to the seller as to the purchaser, while unquestionably good law, was nevertheless largely *obiter* so far as the case in which it was uttered is concerned, and in any event must be regarded as applicable only to executory sales.  Hence if this case of Stone v. Frost established any new principle or rule of law it was simply to the effect that, upon an executory sale where the goods upon delivery are found to be utterly worthless, neither

a return nor an offer to recover them is essential as a prerequisite to bringing an action to recover back the purchase price. In other words, it may be said to have established an exception to the general rule which requires the purchaser upon an executory sale, as a condition precedent to bringing an action to recover back the purchase price, to return or offer to return the goods if not found upon delivery to be as represented when the bargain was made. And this it seems to me is all that can possibly be claimed for it.

But the case under consideration is not that of an executory sale but of an executed sale with warranty; and it seems to have been fairly well settled in this state that in such a case in the absence of fraud the purchaser cannot rescind but must stand upon his warranty which will generally afford substantially the same relief as would a rescission. One of the earliest authorities to this effect is that of Voorhees v. Earl, 2 Hill, 288, and the latest that has been called to my attention is that of Isaacs v. Wanamaker, 189 N. Y. 122.

No error, therefore, appears to have been committed in directing a verdict for plaintiff, and as this is the only ground upon which a new trial is demanded it follows that the motion must be denied.

Motion denied, with ten dollars costs.