JOHN SCHMELZER, Respondent, *v.* CHARLES WINEGAR, Defendant, Impleaded with NASH-SOUTH PARK, INC., Appellant.

Fourth Department, June 29, 1926.

Sales — action by buyer after rescission to recover purchase price paid — judgment for damages for breach of warranty is erroneous — Personal Property Law, § 150, subd. 1, ¶¶ b and d, applied.

Under a complaint stating a cause of action for the recovery by the buyer of the purchase price paid for an automobile, following the rescission of the sale by the buyer for a breach of warranty and an offer to return the automobile to the seller, it is improper for the court to render judgment in favor of the buyer for damages for breach of warranty, for the remedy afforded by paragraph d of subdivision 1 of section 150 of the Personal Property Law for recovery of the purchase price is inconsistent with the remedy for breach of warranty afforded by paragraph b of subdivision 1 of said section, and the buyer must elect which remedy he desires to pursue.

The judgment is inconsistent with the cause of action alleged in the complaint, and furthermore, no evidence of damages for breach of warranty was admitted at the trial.

APPEAL by the defendant, Nash-South Park, Inc., from a judgment of the County Court of the county of Erie in favor of the plaintiff, entered in the office of the clerk of said county on the 4th day of March, 1925, upon the verdict of a jury.

*George T. Vandermeulen,* for the appellant.

*Henry C. Price [Matthew Weimar* of counsel], for the respondent.

PER CURIAM. The complaint states a cause of action for the recovery by the buyer of the purchase price paid for an automobile, after a rescission of the sale by the buyer for breach of warranty and an offer by the buyer to return the car to the seller. (Pers. Prop. Law, § 150, subd. 1, ¶ d, as added by Laws of 1911, chap. 571.)

The judgment which the plaintiff has recovered is for breach of warranty suffered by the buyer although keeping the motor car. (Pers. Prop. Law, § 150, subd. 1, ¶ b.)

These two causes of action are inconsistent and, therefore, mutually exclusive. In one the buyer repudiates the sale, and seeks to be restored to his *status quo ante;* in the other he affirms the sale and relies upon his action for damages. Where the seller has refused to receive the goods upon the buyer's offer to return them, and the buyer is, therefore, in position to avail himself of either of these remedies, he must make his election between them. (*Putnam* v. *Interior Metal Mfg. Co.,* 169 App. Div. 248; *Brown* v. *Warwick,* 80 Misc. 241; *Norton* v. *Dreyfuss,* 106 N. Y. 90; 2 Williston Sales [2d ed.] § 612.) The statute expressly so provides. (Pers. Prop. Law, § 150, subd. 1, as added by Laws of 1911, chap. 571.)

Upon the trial in this case no motion was made by the plaintiff to amend his complaint. The defendant did not tacitly consent to an amendment being made. When the plaintiff sought to introduce evidence of damages for breach of warranty, the defendant objected to the receipt of the evidence on the ground that such damages were not within the pleadings.

The judgment being not only unsupported by, but also inconsistent with, the cause of action alleged in the complaint, cannot be sustained.

We do not intend to intimate that under a proper pleading the plaintiff may not recover damages for breach of warranty.

The judgment should be reversed and a new trial ordered, with costs to appellant to abide the event.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ. All concur.

Judgment reversed on the law and a new trial granted, with costs to the appellant to abide the event.