KATIE EICHORN, Appellant, *v*. SERLIS & COMPANY, INC., Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed March, 1922.

Pleading — complaint — fraud — action to recover for false representations on sale of oil stock — allegations that salesman falsely stated that plaintiff would be guaranteed certain income and would be better off than if she left the money in the bank are sufficient as against a demurrer.

If under the modern rule the allegations of a complaint describe a case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time that it was not to be done and that his representations were false, fraud is sufficiently alleged.

Where in an action to recover damages sustained in being induced by alleged false and fraudulent representations of defendant's agent to purchase shares of stock in an oil corporation, the complaint may be sustained as alleging not only a cause of action for breach of warranty but also for fraud, an, order denying plaintiff's motion for judgment on the pleadings will be reversed and the motion granted with leave to defendant to withdraw its demurrer and serve an answer.

APPEAL by plaintiff from order of the City Court of the city of New York denying plaintiff's motion for judgment on the pleadings.

*Celler & Kraushaar* (*Meyer Kraushaar* and *Emanuel Celler*, of counsel), for appellant.

*Benjamin F. Schreiber* (*Alfred Rathheim*, of counsel), for respondent.

GUY, J. The plaintiff, a widow, sues to recover damages for fraud sustained in being induced, upon the representations of defendant's agent, to purchase shares of stock in an oil corporation with her savings of $1,000. For sometime after the purchase she received the promised dividends of eighteen per cent, but the dividends were subsequently discontinued and she was offered stock in another oil company for the purchased stock, the new stock being worthless as alleged.

The defendant demurred to the complaint, and plaintiff moved for judgment on the pleadings, and from the order denying the motion plaintiff appeals.

The complaint alleges that defendant's representative "to induce the plaintiff to purchase shares of stock in the Okmulgee Oil Operators Company, did represent to the plaintiff that if she invested the said sum of $1,000 by purchasing said shares of stock in said Okmulgee Oil Operators Company, that the plaintiff would be guaranteed by the defendant, and would be entitled to receive as long as she held the said property, income at the rate of $15 per month. Said representative further warranted that plaintiff being a hard working woman and a widow, she would be better off to invest her said $1,000 in said shares of stock, and instead of receiving the ordinary Savings Bank interest which did not exceed $45 a year, she would receive, if she invested said money in said shares of stock, an income which would amount to $180 a year;" that being unfamiliar with business, and not knowing the rights of a stockholder in a corporation, and relying upon defendant's representations, she paid the $1,000 in exchange for 134 shares of stock of the Okmulgee Oil Operators Company; that for a number of months thereafter she received the promised dividends of $15 a month, but that after July 15, 1919, no dividends were paid her.

It is further alleged that the "representations made by the defendant's representative that the said shares of stock would yield plaintiff an income of $15 a month, were false and untrue, and that the defendant well knew at the time such representations were made, that the same were false and untrue, and knew the plaintiff would rely thereon and believe that they were true, when plaintiff parted with the said sum of $1,000; that said representations were made by the defendant and its representative, knowing that the plaintiff was ignorant of her rights and liabilities as a stockholder of the corporation."

Plaintiff also alleges that after the discontinuance of dividends on the stock she demanded the payment of dividends in compliance with defendant's agreement and warranties; that upon refusal she demanded back the $1,000; that the defendant undertook and promised to repay the $1,000 if the plaintiff left the shares of stock with the defendant, but that plaintiff did not receive her money back, defendant sending her instead of the money as promised 134 shares of stock and a stock dividend in another oil company, which plaintiff refused to accept.

The order appealed from must be reversed for the reason, if no

other, that the complaint states at least a cause of action for breach of warranty. *Titus* v. *Poole*, 145 N. Y. 414. Although it is trite doctrine that there is no fraud where the alleged false representations are promissory in their nature (*Barbrick* v. *Carrero*, 184 App. Div. 160; *Gotteberg* v. *Park Terrace Co.*, 168 id. 800; *Meritas Realty Co.* v. *Farley*, 168 id. 420), because an actionable representation must relate to past or existing facts, and cannot consist of mere broken promises, unfulfilled predictions or erroneous conjectures as to future events (26 C. J. 1087), if under the modern rule the allegations in the complaint describe a case where a defendant has fraudulently and positively as with personal knowledge stated that something was to be done when he knew all the time it was not to be done and that his representations were false, fraud is sufficiently charged. *Ritzwoller* v. *Lurie*, 225 N. Y. 464. We think that the complaint before us is susceptible of such a construction as was given the complaint in the case last cited, and that it may be sustained as alleging a cause of action not only for damages for breach of warranty but for fraud.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to defendant to withdraw demurrer and answer within six days upon payment of costs in this court and the court below.

ERLANGER, J., concurs; WASSERVOGEL, J., concurs in the result.

Order reversed.